IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN KEITH BOWLING, JR.,**

    **Plaintiff,**

v.                                                                **Civil Action No. 5:12cv70**
                                                                        **(Judge Stamp)**

**DONALD SMITH, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On May 18, 2012, the plaintiff initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. On May 21, 2012, he was granted leave to proceed *in forma pauperis*. On June 25, 2012, he paid his initial partial filing fee. This case is now before the undersigned for initial screening pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### I. Complaint

In his complaint, the plaintiff claims that he was assaulted by five members of the prison staff at St. Marys Correctional Center. More specifically, the plaintiff alleges that, on June 17, 2011, Donald Smith and Nathan Ayers found him to be in possession of three rolled cigarettes. He alleges that Smith and Ayers ordered him to return to his housing unit. He alleges that he complied with this order and then decided to take a shower. He alleges that, upon exiting the shower, he was confronted by five officers (Donald Smith, Nathan Ayers, Mark Webster, and two unknown female officers.

Plaintiff alleges that these officers ordered him to get on the wall. He alleges that he complied with this order, even after some of the officers became verbally abusive. He alleges that

Donaldson threw him to the floor and placed him in handcuffs. He alleges that Mark Webster then sprayed him with MK-9 OC., causing him to lose consciousness.

The plaintiff alleges that, upon waking, he discovered himself to be in the prison medical unit. He alleges that he suffered a significant laceration on his chin, along with injuries to his teeth and shoulders. For relief, plaintiff asks the court to assist him in being compensated for his pain and suffering, as well as his permanent injuries.

## II.  Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke , 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

---

[1] Id. at 327.

2

### III. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth. 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, 126 S.Ct. at 2387 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 2393.

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. However, that decision does not abrogate the fact that an action under 42 U.S.C. § 1983 is subject to exhaustion

---

[2] Porter v. Nussle, 534 U.S. 516, 524 (2002).

of administrative remedies as required by the PLRA. Nor does it abrogate well-established Fourth Circuit precedent which allows the Court to summarily dismiss a complaint in which the failure to exhaust is clearly evident. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005).

The WVDOC has established a three-level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

The plaintiff's complaint clearly establish that a prisoner grievance procedure is available at St. Marys. (dckt 1, p. 5). The plaintiff indicates that he utilized the grievance procedure, and each level was denied due to failure to follow policy directive 335.00. This directive requires that the G-1 Grievance Form be filed by an inmate within fifteen days of any occurrence that would cause him to file a grievance. As previously noted, the incident about which the plaintiff complains occurred on June 17, 2011. However, he did not file his G-1 Grievance Form until November 10, 2011. (dckt. 1-1, p. 2). Therefore, it is clear from the face of the complaint that the plaintiff failed to properly exhaust his administrative remedies by failing to meet the time requirements of the DOC grievance procedure.

## IV. Recommendation

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the plaintiff's Complaint (dckt. 1) be **DISMISSED without prejudice** for the failure to exhaust

4

his administrative remedies, and this case be **DISMISSED** from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED**: July 12, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE