IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN KEITH BOWLING, JR.,

      Plaintiff,

v.                                          Civil Action No. 5:12CV70
                                                        (STAMP)

DONALD SMITH, Corporal,
MARK WEBSTER, C.O. II,
NATHAN AYERS, C.O. II,
WILLIAM FOX, Warden,
St. Marys Correctional Center,
WEST VIRGINIA DEPARTMENT OF CORRECTIONS,
WEST VIRGINIA DEPARTMENT OF MILITARY AFFAIRS,
JIM RUBENSTEIN, Commissioner,
West Virginia Department of Corrections,
UNKNOWN WOMAN 1, Correctional Officer and
UNKNOWN WOMAN 2, Correctional Officer,

      Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. <u>Background</u>

The <u>pro se</u>[1] plaintiff, Brian Keith Bowling, Jr., commenced this civil rights action by filing a complaint in this Court pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff alleges that he was assaulted by five members of the prison staff at St. Marys Correctional Center. The plaintiff further alleges that as a result of that attack, he suffered a significant laceration on his chin, along with injuries to his teeth and

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1341 (9th ed. 2009).

shoulders. For relief, the plaintiff asks that he be compensated for his pain and suffering, as well as his permanent injuries.

The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2 and 28 U.S.C. § 1915A. On July 12, 2012, the magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this

2

case, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

As the magistrate judge explained in his report and recommendation, under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under any federal law must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under § 1997e(a) is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).

The West Virginia Division of Corrections ("WVDOC") has established a three-level grievance procedure utilized by prisoners to file complaints seeking redress over any matter concerning prison life. The first level involves filing a grievance form with the unit manager. If the inmate receives no response or is unsatisfied with the response received at the first level, he may proceed to level two by filing a grievance form with the warden/administrator. Finally, the inmate may appeal the level two decision to the Commissioner of the Division of Corrections.

In this case, the magistrate judge found that the plaintiff had failed to file his grievance form within fifteen days of the

occurrence, as required by the grievance procedure.² See WVDOC Policy Directive No. 335.00, July 1, 2007. Thus, the magistrate judge concluded that the plaintiff had failed to properly exhaust his administrative remedies by failing to meet the time requirements of the grievance procedure.

An action under 42 U.S.C. § 1983 is subject to exhaustion of administrative remedies as required by the PLRA. Porter, 534 U.S. at 532. Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Thus, because the plaintiff failed to timely file his grievance form in compliance with the WVDOC grievance procedure, this Court agrees that the plaintiff's complaint must be dismissed for failure to exhaust his administrative remedies.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly

---

²The alleged assault occurred on June 17, 2011, but the plaintiff did not file his grievance form until November 10, 2011.

4

erroneous, the ruling of the magistrate judge (ECF No. 10) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 6, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE